**Maria Juana MENDEZ–ALVAREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–76759, 05–71192.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stephen J. Flynn, Arthur L. Rabin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Maria Juana Mendez–Alvarez, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) order denying her motion to reopen based on ineffective assistance of counsel (04–76759) and the BIA's order denying her motion to reconsider that decision (05–71192). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of both a motion to reopen and reconsider, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), and we deny the petitions for review.

The BIA did not abuse its discretion in denying Mendez–Alvarez's motion to reopen as untimely where the motion was filed more than two years after its final decision. *See* 8 C.F.R. § 1003.2(c)(2). Nor did the BIA abuse its discretion by refusing to apply equitable tolling where Mendez–Alvarez failed to demonstrate that she acted with due diligence in pursuing her ineffective assistance of counsel claim. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling applies where the petitioner acts with due diligence). Because equitable tolling does not apply, we do not address Mendez–Alvarez's contention relating to the merits of her motion to reopen, namely that she was denied due process and her right to counsel in her direct appeal.

The BIA did not abuse its discretion in denying Mendez–Alvarez's motion to reconsider because she failed to identify any error of fact or law in the BIA's order

denying her motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

## PETITIONS FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

